UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHAN KENT STUCKEY,

        Plaintiff,

v.                                                 Case No: 6:19-cv-1271-Orl-31GJK

L. BEDDARD, et al.,

        Defendants.
_____/

## **ORDER**

This cause is before the Court on initial review of Plaintiff's Fourth Amended Civil Rights Complaint ("Fourth Amended Complaint," Doc. 21). Plaintiff, who is incarcerated at the John E. Polk Correctional Facility and proceeding *pro se*, filed the Fourth Amended Complaint pursuant to 42 U.S.C. § 1983.[1]

### I.    FACTUAL BACKGROUND

Plaintiff alleges that, on June 5, 2019, Defendant A. Jones "had the Plaintiff placed in segregated confinement" and that her reasons for doing so were a "pure work of fiction." (Doc. 21 at 6). While in segregated confinement, Plaintiff alleges that Defendant Jones denied him the ability to communicate with "outside individuals" and to have access to public records. (*Id.*). Plaintiff alleges that Defendants L. Bedard. L. Howard, and C. Williams "were complicit with and assisted A. Jones . . . ." (*Id.*).

---

[1] Pursuant to Plaintiff's request, the Fourth Amended Complaint is deemed to have been filed in response to the Court's Order of August 15, 2019. (Doc. 22 at 6).

Plaintiff states that, on June 20, 2019, Defendant Jones "amended" her reasons for placing Plaintiff in segregated confinement but that those reasons were unsubstantiated and "refuted by the records." (*Id*. at 10). On July 3, 2019, Plaintiff was served with "a DR after spending [a] month in [segregated] confinement." (*Id*. at 15). Plaintiff "appealed the DR to Captain L. Howard," but the appeal was denied. (*Id. at 17*).

On July 8, 2019, "all forms of communication were severed by A. Jones." (*Id*.). Plaintiff claims that the disciplinary report "violated due process of law" and was untimely because it was issued "18 days after the lawful window to write a DR had slammed shut." (*Id*. at 16).

Plaintiff seeks damages for being "wrongfully confined," and he requests that Defendants be required "to complete at least a 40-hour training course on professional responsibility," that Defendants "be retrained for their positions," and that Defendants be placed "on probation." (*Id*. at 18). Plaintiff also seeks an order removing Defendant Jones from her current position and placing her on suspension for sixty days. (*Id*.). In addition, Plaintiff requests that Defendants return to him "all the time which was unconstitutionally taken from him." (*Id*.).

## II. LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

2

(b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[2] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III. ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"

---

[2] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

and complaints containing such claims must therefore be dismissed. *Id.* 489–90. Moreover, a state prisoner's "claim for declaratory relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed [in a disciplinary proceeding, including a loss of good-time credits], is not cognizable under § 1983 . . ." unless the prisoner demonstrates that the challenged action has previously been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Thus, the *Heck* analysis is applied to actions brought by prisoners who are challenging disciplinary proceedings. *Roberts v. Wilson*, 259 F. App'x 226, 228 (11th Cir. 2007).

In the present case, Plaintiff alleges that he was deprived of due process with regard to the issuance of the disciplinary report and that the disciplinary action against him was based on fraudulent allegations. He seeks damages for the punishment that was imposed on him in the disciplinary proceeding as well as the return of "all the time which was unconstitutionally taken from him. (Doc. 1 at 18). Plaintiff's basis for this action is intertwined with the facts upon which the disciplinary action is based.

However, Plaintiff has never had the disciplinary adjudication invalidated. Therefore, his § 1983 action is not cognizable in light of *Heck* and *Balisok*. *See Wade v. Carmen*, No. 2:11-CV-391-FTM-29, 2011 WL 6181467, at *3 (M.D. Fla. Dec. 13, 2011) ("a claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the *Heck* standard."). The Complaint, therefore, is dismissed without prejudice.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Motions to Appoint Counsel (Doc. Nos. 5, 20) are **DENIED.**

3. Plaintiff's Motion for Subpoena (Doc. 19) is **DENIED**.

4. Plaintiff's Written Objections (Doc. 22) to Magistrate Judge Kelly's Orders of July 15, 2019 (Doc. 3), July 23, 2019 (Doc. 8), July 25, 2019 (Doc. 11), and August 1, 2019 (Doc. 13) are **OVERRULED**. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court must consider the "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Plaintiff has failed to demonstrate that the Magistrate Judge's Orders were clearly erroneous or contrary to the law.

5. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
OrlP-2 9/5

5